UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM G. MONKS, JR., | : | Case No. 1:08-cv-752 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| LONG TERM DISABILITY BENEFITS PLAN | : | |
| FOR CERTAIN HOURLY EMPLOYEES | : | |
| OF CHAMPION INTERNATIONAL | : | |
| CORPORATION #703, | : | |
| | : | |
| Defendant. | : | |

**ORDER DENYING DEFENDANT'S MOTION TO STAY EXECUTION OF JUDGMENT AND WAIVE POSTING OF SUPERSEDEAS BOND (Doc. 37)**

This civil action is currently before the Court on Defendant's motion to stay execution of judgment pending the outcome of its appeal pursuant to Fed. R. Civ. P. 62(d) and to waive posting of a supersedeas bond (Doc. 37). Plaintiff did not respond.

## I. BACKGROUND FACTS AND PROCEDURAL POSTURE

On April 27, 2010, the Court entered default judgment in favor of Plaintiff, ordering Defendant to pay Plaintiff $108,335.38[1] and to determine whether Plaintiff is eligible for benefits under the terms of the Long Term Disability Benefits Plan ("the Plan")[2] for the period commencing April 7, 2010. (Doc. 21 at 2; Doc. 22).

---

[1] This monetary judgment consists of $78,758.60 in past-due benefits, $12,585.18 in pre-judgment interest, $15,599.50 in attorney's fees, and $1,392.10 in litigation expenses.

[2] The Plan is an employee welfare benefit plan under the Employee Retirement Income Security Act of 1974 ("ERISA").

On February 13, 2012, the Court denied Defendant's motion to set aside default judgment under Fed. R. Civ. P. 60(b). (Doc. 33 at 8). The Court held that the default judgment entered against Defendant was not void because the Court had personal jurisdiction over Defendant since service of legal process was proper, and that no good cause existed to have the default judgment vacated.[3] (Doc. 33 at 6, 8).

Defendant subsequently appealed the Court's order denying Defendant's motion to set aside default judgment, and filed a notice of appeal on March 12, 2012. (Doc. 37 at 2).

## II. STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 62(d), Defendant now moves this Court for an order staying execution of the default judgment (Doc. 22) pending the outcome of its appeal to the Sixth Circuit, and an order waiving the posting of a supersedeas bond. (Doc. 37 at 1).

Rule 62(d) provides that: "If an appeal is taken, the appellant may obtain a stay by supersedeas bond. . . . The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond." Fed. R. Civ. P. 62(d).

---

[3] The Court found that Defendant's five month delay in filing a six-page motion to set aside default judgment was untimely and unreasonable. (Doc. 33 at 7, 8).

## III. ANALYSIS

### A. Stay Execution of Monetary Judgment Pending Appeal

The first issue before the Court is whether Defendant is entitled to a stay of a monetary judgment as a matter of right under Rule 62(d).

"A party taking an appeal from the District Court is entitled to a stay of a money judgment as a matter of right if he posts a bond in accordance with Fed. R. Civ. P. 62(d)." *Am. Mfrs. Mut. Ins. Co. v. Am. Broad.-Paramount Theatres, Inc.*, 87 S. Ct. 1, 3 (1966). The Sixth Circuit also has held that "[Rule 62(d)] entitles a party who files a satisfactory supersedeas bond to a stay of money judgment *as a matter of right*. . . . However, the Rule in no way necessarily implies that filing a bond is the only way to obtain a stay. It speaks only to stays granted *as a matter of right*, it does not speak to stays granted by the court in accordance with its discretion." *Arban v. W. Publ'g Corp.*, 345 F.3d 390, 409 (6th Cir. 2003) (emphasis added). To clarify, "the court has no discretion to deny the stay itself, but only to fix the amount of (or to waive) the bond." *Frommert v. Conkright*, 639 F. Supp. 2d 305, 308 (W.D.N.Y. 2009) (citing *Am. Mfrs. Mut. Ins. Co. v. Am. Broad.-Paramount Theatres, Inc.*, 87 S. Ct. 1, 3 (1966)).

Therefore, the motion for a stay is granted *automatically* when Defendant posts a Court-approved supersedeas bond.

### B. Waiver of Bond Requirement

The second issue before the Court is whether the bond requirement should be waived. "Although Rule 62(d) generally calls for the posting of a bond prior to obtaining a stay, the Sixth Circuit has held that courts retain the discretion to stay cases pending appeal without requiring a bond." *McCaughey v. City of Blue Ash*, No. 1:02-CV-732, 2009 U.S. Dist. LEXIS 116546 (S.D. Ohio Nov. 25, 2009) (citing *Arban v. W. Publ'g Corp.*, 345 F.3d 390, 409 (6th Cir. 2003)). However, the Sixth Circuit has not explained what factors a court should consider in determining whether to waive the bond requirement.

Nevertheless, the Court is mindful that the framework of Rule 62(d) represents a balancing of both parties' interests. As the Sixth Circuit has held:

> The purpose of a supersedeas bond is to preserve the status quo while protecting the [appellee's or] non-appealing party's rights pending appeal. A[n] . . . [appellant] may use the bond to avoid the risk of satisfying the judgment only to find that restitution is impossible after reversal on appeal. At the same time, the bond secures the [appellee] . . . against any loss sustained as a result of being forced to forgo execution on a judgment during the course of an ineffectual appeal.

*Hall v. Consol. Freightways Corp.*, 142 F. App'x 875, 879 (6th Cir. 2005). Although Rule 62(d) effectively deprives the appellee of his or her right to enforce a valid judgment immediately, the supersedeas bond protects the appellee "from the risk of a later uncollectible judgment" and also "provides compensation for those injuries which can be said to be the natural and proximate result of the stay." *NLRB v. Westphal*, 859 F.2d 818,

819 (9th Cir. 1988). Thus, Rule 62(d) establishes not only the "appellant's right to a stay[,] but also the appellee's right to have a bond posted securing the stay." *Johnson v. Conn. Gen. Life Ins. Co.*, No. 5:07-CV-167, 2008 U.S. Dist. LEXIS 26194, at *1 (N.D. Ohio Apr. 1, 2008). Because of Rule 62(d)'s dual protective role, "[m]any district courts . . . have held that 'a full supersedeas bond should almost always be required' and should only be excused where the appellant has demonstrated the existence of extraordinary circumstances." *Id.* (citation omitted).

In this case, Defendant puts forth no extraordinary circumstances for this Court to consider. Rather, Defendant argues that the posting of a bond is unnecessary to protect Plaintiff's interests in the event the default judgment is affirmed on appeal because Defendant is maintained by "a *Fortune* 500[4] company and it undoubtedly has the ability to satisfy the judgment." (Doc. 37 at 2).

Defendant cites to *Dillon v. City of Chicago*, 866 F.2d 902, 904 (7th Cir. 1989), to support its assertion that a defendant's "ability to satisfy the judgment" is a factor that a court considers. (Doc. 37 at 2). However, in *Dillon*, the Seventh Circuit considered, not one, but five factors in determining whether waiver of the bond requirement was appropriate. *Dillon*, 866 F.2d at 904-05. The first two factors address "the complexity of

---

[4] "An annual list of the 500 largest companies in the United States as compiled by *FORTUNE* magazine. The list is put together using the most recent figures for revenue and includes both public and private companies with publicly available revenue data." *Definition of Fortune 500,* Investopedia, http://www.investopedia.com/terms/f/fortune500.asp#axzz1rIKDT4fb (last visited 4/6/12).

the collection process" and "the amount of time required to obtain a judgment after it is affirmed on appeal," issues that are separate from Defendant's ability to pay. *Id.* In *Dillon*, the defendant not only outlined its process for paying the judgment, but also provided evidence that its payment of the judgment to the plaintiff would take less than 30 days in case the judgment was affirmed on appeal. *Id.* at 905. Here, Defendant has not given any indication that the collection process will not be lengthy and complicated for Plaintiff. Therefore, the first two factors do not weigh in favor of waiving the bond.[5]

The third factor requires the defendant to provide assurance that funds will actually be available to pay the judgment, should it lose on appeal. *Dillon*, 866 F.2d at 905. Such assurance can be provided by, among other things, evidence of a previously appropriated fund or a secure account for the payment of judgments, a history of paying judgments expeditiously, circumstances that strongly suggest that the defendant cannot or will not "place its assets beyond the reach of [the] judgment creditor," or the offer of some other security. *Id.* In *Dillon*, the defendant demonstrated the existence of previously appropriated funds that were available for the purpose of paying judgments without substantial delay or other difficulties. *Id.* Here, Defendant has offered no such assurance.

Instead, Defendant focuses solely on the fourth factor: "whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money."

---

[5] *See Lightfoot v. Walker*, 797 F.2d 505, 506-07 (7th Cir. 1986) (refusing to waive the bond for the defendant because the "cumbersome and time-consuming" nature of the collection process outweighed the fact of the defendant's solvency).

*Dillon*, 866 F.2d at 905. Defendant alleges that it "undoubtedly" has the ability to pay the judgment if necessary. (Doc. 37 at 2). However, as stated in a case where the Northern District of Ohio required a supersedeas bond despite the defendant's "plain" ability to pay:

> It does not follow that courts must grant an unsecured stay when the [appellant] [] clearly can pay the judgment. To so conclude would obliterate Rule 62(d)'s dual protection functions . . . The holding in *Arban* does not mandate that a wealthy [appellant] [] is entitled to an unsecured stay, only that a[n] [appellant's] [] financial stability is one element a district court may consider in deciding whether to grant an unsecured stay.

*U.S. ex rel. Gonter v. Gen. Dynamics Marine Sys. Div. Elec. Boat*, No. 4:01-CV-634, 2006 U.S. Dist. LEXIS 92512, at *3 (N.D. Ohio Dec. 21, 2006).[6]

Further, "[w]hen an appellant claims its ability to pay the judgment is so obvious that posting a bond would simply be a waste of money, courts have generally required the appellant to present 'a financially secure plan for maintaining that same degree of solvency during the period of an appeal.'" *Hamlin v. Charter Twp. of Flint,* 181 F.R.D. 348, 353 (E.D. Mich. 1998) (quoting *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979). Here, Defendant has neither provided the Court with an alternative to a supersedeas bond nor taken any other measures that

---

[6] *See also Appalachian Reg'l Healthcare, Inc. v. Ky. Nurses Ass'n*, No. 5:06-150-JMH, 2007 U.S. Dist. LEXIS 515, at *6 (E.D. Ky. Jan. 5, 2007) (requiring a bond even "[t]hough [appellant] has demonstrated that it will likely be able to pay the judgment"); *EB-Bran Prods., Inc. v. Warner Elektra Atl., Inc.*, No. 03-75149, 2006 U.S. Dist. LEXIS 45198, at *8 (E.D. Mich. July 5, 2006) ("Ideally, losing parties will always have sufficient funds to pay the award, but if this fact were enough to waive the bond requirement, the bond requirement would essentially be a nullity").

would provide Plaintiff with the requisite security.[7] The fact that Defendant is administered by a Fortune 500 company is not enough to secure waiver of the bond. In *Thomas & Marker Constr., Co. v. Wal-Mart Stores, Inc.*, this Court denied Wal-Mart's request to waive the bond requirement, even after Wal-Mart, a Fortune 500 company, presented its financial statements to show its ability to pay the judgment. No. 3:06-CV-406, 2009 U.S. Dist. LEXIS 40148, at *76 (S.D. Ohio Apr. 27, 2009). "[A]s is well known, financial statements are merely a look back and not a look forward. . . . [W]hat may clearly appear to be a financially healthy company one day, may become a bankrupt company the next day." *Id.*[8] In this uncertain financial environment, the risk that Defendant might not have the ability to pay the judgment is rightly placed with Defendant, not with Plaintiff.

Because Defendant has put forth no assurance that funds will actually be available to pay the judgment, if necessary, at the conclusion of the appeal, Defendant has failed to meet its burden of persuading the Court that the bond requirement should be waived.

---

[7] *See, e.g., McCaughey v. City of Blue Ash*, No. 1:02-CV-732, 2009 U.S. Dist. LEXIS 116546 (S.D. Ohio Nov. 25, 2009) (granting defendant's motion to waive bond because it had set aside funds to pay the judgment, and had an excess insurance policy and excess carrier also set aside funds); *Roulo v. Russ Berrie & Co.*, No. 82 C 2668, 1988 U.S. Dist. LEXIS 6539 (N.D. Ill. July 5, 1988) (denying "profitable corporation['s]" motion to waive bond because it had "not set aside the amount of the judgment in any type of secure account or escrow, nor taken any other measures [to] provide the plaintiff with [a secure stay]").

[8] *See also Sorrano v. New York Life Ins. Co.*, No. 96 C 7882, 2006 U.S. Dist. LEXIS 27339, at *6 (N.D. Ill. Apr. 13, 2006) ("[E]ven Fortune 500 companies can . . . declare bankruptcy. Given the prevailing business climate, a copy of [defendant's] [] financial statements and a promise that it is 'good for' any judgment is not enough to secure waiver of the bond.").

## IV. CONCLUSION

Accordingly, the Court **DENIES** Defendant's motion for stay pending appeal without posting a supersedeas bond.

**IT IS SO ORDERED.**

Date:  5/7/12                                                                                    *s/ Timothy S. Black*
                                                                                                          Timothy S. Black
                                                                                                          United States District Judge